**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ENHANCE A COLOUR CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14 C 1033 |
| | ) | |
| DAINIPPON SCREEN GRAPHICS (USA), LLC, | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendant. | ) | |

**ORDER**

For the reasons set forth in the Statement below, the Court grants the defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), Dkt. 8, as to Count II of plaintiff's Complaint; the Motion is denied as to Count I. Defendant's Motion to Strike Pursuant to Fed. R. Civ. P. 12(f), Dkt. 8, is also denied. A status hearing is set for February 19, 2015, at 9:00 a.m.

**STATEMENT**

Plaintiff Enhance A Colour Corp. ("EACC") brings this two-count action against Defendant Dainippon Screen Graphics (USA), LLC ("Screen") regarding an "Equipment Purchase Agreement" (the "Agreement") for an inkjet printer known as the "Truepress Jet2500 UV" (the "Machine"). *See* Compl. Ex. 2, Dkt. 1-2. EACC's Complaint asserts a claim for breach of contract (Count I) and request for rescission (Count II), alleging that the Machine was subject to a twelve-month warranty and failed to "perform as warranted" within five months of delivery. Compl., Dkt. 1, ¶¶ 7-16. Jurisdiction is based on diversity. 28 U.S.C. § 1332.

Relying on "integration" and "no-reliance" clauses in the written "Terms and Conditions" accompanying the Agreement attached to EACC's Complaint, Screen moves pursuant to Fed. R. Civ. P. 12(f) to strike all references in the Complaint to such a 12-month warranty, and to the "quality" and "reliability" of the Machine allegedly touted in Screen's marketing materials and by its sales representative. *See* Compl., Dkt. 1, ¶¶ 6-8, 13; Compl. Ex. 2, Dkt. 1-2, §§ 6(a), 6(e), 7, and 13(a). With these allegations out of the way, Screen would then argue that the Machine was protected by a warranty of only ninety days, and that the Complaint—failing to allege a defect within that narrower time frame—in turn fails to allege a cognizable claim for breach of contract or rescission. *See* Mem., Dkt. 9, at 6-7. On this basis, Screen moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). The Court denies the motion to strike and denies the motion to dismiss as to Count I, but grants the motion to dismiss as to Count II.[1]

---

[1] Screen likewise moves pursuant to Fed. R. Civ. P. 12(f) to strike EACC's jury demand per a "waiver" also included in the Terms and Conditions. Mem., Dkt. 9, at 2, 12-14. EACC has

I.    **Breach of Contract**

Screen's motions to strike and dismiss both ask the Court to hold that, by virtue of the parol evidence rule, the parties' "integration" and "no-reliance" clauses "preclude[] statements by Screen's representatives and Screen's marketing materials from imposing additional contractual obligations on Screen," and, further, "render [EACC's] reliance on representations by Screen's representatives or its marketing materials unreasonable." *See* Mem., Dkt. 9, at 4-5 ("By virtue of the parol evidence rule, an integration clause prevents a party to a contract from basing a claim of breach of contract on agreements or understandings, whether oral or written, that the parties had reached during the negotiations that eventuated in the signing of a contract but that they had not written into the contract itself." (quoting *Vigortone Ag Prods. v. AG Prods.*, 316 F.3d 641, 644 (7th 2002)). From that premise, Screen argues that EACC's breach of contract claim is insufficient under Illinois law.[2] But the premise and conclusion are both faulty.

As to the premise, neither an integration clause nor the parol evidence rule prevents a party from asserting, or a court from considering, extrinsic evidence "to discover the parties' genuine intent when a contract is ambiguous." *See Brooklyn Bagel Boys, Inc. v. Earthgrains Refrigerated Dough Prods., Inc.*, 212 F.3d 373, 380 (7th Cir. 2000) (parol evidence rule allows consideration of extraneous evidence to construe ambiguous contract term); *Music Dealers, LLC v. Sierra Bravo Corp.*, No. 1:12-cv-00712, 2012 WL 4017950, at *4 (N.D. Ill. Sept. 10, 2012) ("Under Illinois law, if the contract is ambiguous, as matter of law, extrinsic and parol evidence is admissible to explain the terms of the ambiguous contract," despite integration clause); *Sefton v. Toyota Motor Sales U.S.A.*, No. 09 C 3787, 2010 WL 1506709, at *2 (N.D. Ill. Apr. 14, 2010) (parol evidence rule allows consideration of extrinsic evidence "if the language of the contract is ambiguous, that is, susceptible to more than one meaning"). Here, the Court concludes that this principle applies to two ambiguous provisions in the Agreement at issue, and the accompanying Terms and Conditions, and the parties' arguments best demonstrate those ambiguities.

First, EACC asserts that "the parties specifically modified the Terms and Conditions of the Sale by including a provision for a full year warranty in the Equipment Purchase

---

withdrawn its jury demand, however, and Screen's motion to strike it is therefore denied as moot. *See* Response, Dkt. 16, at 11 ("EACC hereby withdraws its request for trial by jury").

[2] In a diversity case, a district court applies federal procedural law and state substantive law, *Santa's Best Craft, LLC v. St. Paul Fire and Marine Ins. Co.*, 611 F.3d 339, 345 (7th Cir. 2010), and the forum state's choice of law rules to select the applicable state substantive law. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014). But when the issue is undisputed, the court may apply the state law relied upon by the parties. *McCoy*, 760 F.3d at 684 (party "acquiesced to the application of Illinois law" and thereby waived the issue). Here, Screen asserts (and EACC does not dispute) that EACC's claims are "governed by the substantive law of the State of Illinois" per a "choice of law provision" in the Terms and Conditions attached to EACC's Complaint. *See* Mem., Dkt. 9, at n.2 (citing Dkt. 1-2, § 13(f)). Both sides thus rely upon Illinois law (Mem., Dkt. 9 at n.2; Response, Dkt. 16, at 4, 7, 10), and so does the Court. *See Citadel Group Ltd. v. Washington Reg'l Med. Ctr.*, 692 F.3d 580, 587 n.1 (7th Cir. 2012) (courts "do not worry about conflict of laws unless the parties disagree on which state's law applies") (quoting *Auto-Owners Ins. Co. v. Websolv Computing, Inc.*, 580 F.3d 543, 547 (7th Cir. 2009)).

Agreement." Response, Dkt. 16, at 1-2. That modified provision, according to EACC, now appears on the face of the Agreement and reads as follows: "9 month SMA – Enhances 90 warranty into the first year of full coverage." *Id.* (quoting Agreement, Dkt. 1-2, at 1). EACC thus offers Screen's marketing enticements of "12-months warranty on parts" and "12 months warranty on labor" to "illuminate" this "specifically modified" provision. *Id.* at 1, 10-11; Compl., Dkt. 1, ¶ 7; Compl. Ex. 1, Dkt. 1-1, at 7. Screen, by contrast, contends that this reference to a "9 month SMA" instead refers to a "Service Maintenance Agreement" (a document that has not been provided to the Court), whereby "the parties may have agreed to a service arrangement for an additional 9 months," but otherwise did not extend the limited 90-day warranty against "defects in materials and workmanship" set out in the Terms and Conditions. Reply, Dkt. 17, at 4. Second, EACC contends that the term "defects" as used in the warranty is likewise ambiguous, and seeks to "illuminate" this term again through reference to Screen's testimonials as to the "quality" and "reliability" of the Machine. *See* Response, Dkt. 16, at 10-11; Compl., Dkt. 1, ¶¶ 6-7 (quoting Compl. Ex. 1, Dkt. 1-1). Screen, on the other hand, appears to define the term "defects" by reference to its own "specifications" (which the Court also does not have), arguing that "the Complaint is absolutely devoid of any allegation that the Machine failed to perform to Screen's specification, inside or outside the 90-day warranty period." *See* Reply, Dkt. 17, at 4-5.

With both of these terms "susceptible to more than one meaning," *Sefton*, 2010 WL 1506709, at *2, the Court concludes that the warranty provision at issue is ambiguous as to duration and scope, and that parol evidence (at least some of which is not before the Court) would be admissible to construe its parameters. This effort would thus require contract interpretation and consideration of evidence inappropriate for a motion to dismiss. *See*, *e.g.*, *Music Dealers*, 2012 WL 4017950, at *4 (denying motion to dismiss where, despite integration clause, parol evidence was needed to construe term susceptible to "more than one reasonable interpretation").

Indeed, even apart from these ambiguities—and drawing all reasonable inferences in EACC's favor, as required at this stage—the Court must accept EACC's assertion that the parties agreed to "a full year warranty in the Equipment Purchase Agreement" by including the language "9 month SMA – Enhances 90 warranty into first year of full coverage," Response, Dkt. 16, at 1-2, which now appears on the face of that Agreement as attached to EACC's Complaint. *See* Compl. Ex. 2, Dkt. 1-2; *Sefton*, 2010 WL 1506709, at *3 (denying motion to dismiss: "Plaintiff has alleged that the contract included a promise," and "the court must assume the truth of the Plaintiff's allegations"). So too must the Court reasonably infer that EACC can present evidence supporting its claim that the Machine had a defect covered by this express warranty, for to hold otherwise would improperly resolve questions of fact against it. *See*, *e.g.*, *Pardo v. Mecum Auction Inc.*, No. 12 C 08410, -- F. Supp. 3d. --, 2014 WL 7403286, *5 (N.D. Ill. Dec. 29, 2014) ("the contract claim cannot be resolved as a matter of law at the pleading stage because there are questions of fact"); *Lantz v. Am. Honda Motor Co.*, No. 06 C 5932, 2007 WL 1424614, *11 (N.D. Ill. May 14, 2007) (denying motion to dismiss express warranty claim for "defects in materials and workmanship," where the court "cannot say that [plaintiffs] will be unable to present any facts that will entitle them to relief").

This result follows, moreover, regardless of the parties' integration and no-reliance clauses, because the warranty provision that EACC claims was breached appears on the face of the Agreement sued on. *See PharMerica Chicago, Inc. v. Meisels*, 772 F. Supp. 2d 938, 953 (N.D. Ill. 2011) (integration and non-reliance clauses did not bar various tort claims, where misrepresentation sued on was "included in" the pertinent agreement); *Am. Hardware Mfrs. Ass'n v. Reed Elsevier, Inc.*, No. 03 C 9421, 2004 WL 3363844, *8 (N.D. Ill. Dec. 28, 2004) (denying motion to dismiss fraud claims despite alleged no-reliance clause, where alleged oral representations were supported by provisions in the parties' agreement). EACC's claim for breach of the parties' Agreement thus survives, with or without the integration and no-reliance clauses to which that Agreement may be subject.[3]

For these reasons, Screen's motion to dismiss Count I of EACC's Complaint is denied.

## II. Rescission

Screen's challenge to EACC's request for rescission has similar flaws, but ultimately finds footing in its third argument. Screen contends that this Count must be dismissed because (i) EACC has not "alleged that Screen knowingly made a false statement of material fact with the intention that EACC would rely on it"; (ii) the parties' no-reliance clauses "preclude" it; and (iii) rescission is "barred" by limitation-of-remedies provisions to which the parties' Agreement is also subject. Mem., Dkt. 9, at 7. While the Court disagrees that the first two propositions defeat EACC's request for rescission, the third alone is enough to scotch that remedy in this case.

Screen is right that EACC's Complaint fails to allege the necessary elements of a claim for fraud, and thus for a request for rescission based on fraud.[4] But fraud is not the only route to

---

[3] The bearing of a no-reliance clause on EACC's breach of contract claim is questionable for other reasons, as well. As the Seventh Circuit has explained, "[t]he purpose of such a clause is to head off a suit for fraud." *Extra Equipamentos E Exportação Ltda v. Case Corp.*, 541 F.3d 719, 724 (7th Cir. 2008). "Since reliance is an element of fraud, the clause, if upheld … precludes a fraud suit." *Vigortone AG Prods., Inc. v. PM AG Prods., Inc.*, 316 F.3d 641, 645 (7th Cir. 2003); *Schrager v. Bailey*, 2012 IL App. (1st) 111943, ¶ 31, 973 N.E.2d 932, 938 (same, citing *Vigortone*); *Village of Palatine v. Palatine Assoc., LLC*, 2012 IL App. (1st) 102707, ¶ 82, 966 N.E.2d 1174, 1197 ("the fraud cannot occur, because the parties have agreed that there was no reliance, a necessary element for fraud" (citing cases)); *Greer v. Advanced Equities, Inc.*, 2012 IL App. (1st) 112458, ¶ 8, 964 N.E.2d 772, 775 (same, citing cases). The situation is different, however, where a no-reliance clause is aimed at a claim that requires no reliance, such as EACC's breach of contract claim. Thus, while the parties' no-reliance clauses may have been implicated had EACC asserted a cognizable claim for fraud, not so for EACC's claim for breach of contract and related request for rescission. *See infra* part II.

[4] EACC attempts to cure this deficiency by arguing in its Response (without support) that "this Court can infer from EACC's allegations that Screen knew its representations were false at the time that they made them and Screen intended that EACC would rely upon them." Response, Dkt. 16, at 9. But fraud must be pled with particularity, Fed. R. Civ. P. 9(b), and the Court cannot infer full scienter elements on EACC's behalf, with or without specificity. *See Bower v. Jones*, 978 F.2d 1004, 1012 (7th Cir. 1992) ("A change of mind can be a breach of contract . . . but it is

rescission. A party may also seek rescission under Illinois law by alleging (1) substantial non-performance or breach by the defendant, and (2) that the parties can be restored to the status quo. *Pardo*, 2014 WL 7403286, at *5; *Northwestern Mem. Hosp. v. Virtual Imaging, Inc.*, No. 12 C 9201, 2013 WL 6382988, *2 (N.D. Ill. Dec. 5, 2013). EACC's Complaint does this. Specifically, (1) EACC alleges that Screen "breached the equipment purchase agreement" when it "failed to deliver a working and reliable Machine to Plaintiff" and "failed to repair or replace the Machine when the Machine proved to be defective," Compl., Dkt. 1, ¶ 22; and (2) EACC "requests that this Court enter an order rescinding the equipment purchase agreement and restoring the parties to their status prior to the execution of the equipment purchase agreement," *i.e.*, "that [Screen] return its $292,500, costs of $7,500 and remove the machine from its premises." *Id.* at ¶ 33. This is sufficient to seek rescission under Illinois law. *See Pardo*, 2014 WL 7403286, at *5; *Northwestern Mem. Hosp.*, 2013 WL 6382988, at *2.

That leaves the questions of whether the parties' no-reliance or limitation-of-remedies clauses preclude or bar rescission in this case. As to the first—whether the parties' no-reliance clauses preclude rescission here—the Court concludes that they do not. Though the answer may be different for fraud-based rescission, not so for rescission based instead on a substantial breach of contract, for a plaintiff need not demonstrate the element of reliance to receive the remedy of rescission in the "substantial breach" context. *See supra* note 3. Thus, just as EACC's breach of contract claim survives despite the parties' no-reliance clauses, so too does its request for rescission (which at bottom is simply an equitable remedy for breach of contract). *See Goldberg v. 401 North Wabash Venture LLC*, 755 F.3d 456, 463 (7th Cir. 2014) ("The relief sought for the alleged breach of contract was rescission . . . an equitable, not a legal, remedy.") (citing cases). As to the question of whether the parties' no-reliance clauses preclude rescission here, the answer is therefore no. But as to the second question—whether the parties' limitation-of-remedies clauses pose such a bar, *see* Compl. Ex. 2, Dkt. 1-2, §§ 6(e) and 7, the Court agrees with Screen that they do.

The Court is mindful that a limitation-of-remedies provision must not fail in its "essential purpose" or deprive a party of the "substantial value of the bargain."[5] Such provisions are

---

not fraud." (quoting *Price v. Highland Comty Bank*, 722 F. Supp. 454, 459-60 (N.D. Ill. 1989) (Posner, J., sitting by designation))); *Am. Hardware*, 2004 WL 3363844, at *5 ("Broken promises are not manifestations of defendant's intent never to have kept the promises.").

5 *Razor v. Hyundai Mot. Am.*, 222 Ill. 2d, 75, 87, 854 N.E.2d 607, 615 (2006) (quoting 810 ILCS 5/2-719(2) and cmt 1; *id.* at 93, 854 N.E.2d at 618 ("When a contract contains a limitation of remedy but that remedy fails of its essential purpose, it is as if that limitation of remedy does not exist for purposes of the damages to which a plaintiff is entitled for breach of warranty."); *Great West Cas. Co. v. Volvo Trucks North Am., Inc.*, No. 08-cv-2872, 2013 WL 617068, *8 (N.D. Ill. Feb. 19, 2013) ("the exclusive remedy is the sole remedy unless the exclusive remedy fails of its essential purpose or is unconscionable") (citing 810 ILCS 5/2-719(1)(b); (2); (3)). *See also Southern Fin. Group, LLC v. McFarland State Bank*, 763 F.3d 735, 741 (7th Cir. 2014) (Wood, J.) (observing that under Wisconsin law a "contractual remedy fails of its essential purpose 'when the remedy is ineffectual or when the seller fails to live up to the remedy's provisions, either of which deprives the buyer of the benefit of the bargain.'" (quoting *Waukesha Foundry, Inc. v. Indus. Eng'g, Inc.*, 91 F.3d 1002, 1010 (7th Cir. 1996)).

unenforceable under the Illinois Uniform Commercial Code. *See supra* note 5. The provision at issue here limits EACC to "at Screen's election . . . repair . . . replacement . . . or return of the purchase price," Compl. Ex. 2, Dkt. 1-2, § 6(e); and EACC alleges that, despite "numerous attempts," Screen "failed to repair or replace the Machine and it failed to refund the purchase price." Compl., Dkt. 1, ¶¶ 23, 27. Whether this remedy fails its essential purpose would thus appear to be an issue of fact to be determined at a later stage. *See Southern Fin.*, 763 F.3d at 741 ("Where the seller fails to honor the repair-or-replace remedy, the buyer loses the benefit of its bargain for the goods," and such a restriction "fails of its essential purpose"); *Great West*, 2013 WL 617068, at *9 (whether defendant's "refusal to repair or replace Truck 508 resulted in the exclusive remedy's failing of its essential purpose is still disputed").

Screen nevertheless counters that § 7 of the parties' Terms and Conditions further precludes EACC from even "asserting that the remedies set forth in Section 6(e) above are inadequate or have failed their essential purpose." Mem., Dkt. 9, at 9 (quoting Compl. Ex. 2, Dkt. 1-2, § 7). Screen offers no authority to suggest that this clause trumps Illinois' longstanding requirement that a limited remedy minimally afford a plaintiff "the substantial value of the bargain," *see Razor*, 222 Ill. 2d at 87, 93, 854 N.E.2d at 615, 618, and serious questions are raised about the enforceability of this provision, given the UCC Comment echoed by the Illinois Supreme Court in *Razor* that a limited remedy that fails to do so "must give way to the general remedy provisions" of the UCC. *Id.* (quoting 810 ILCS 5/2-719(2) cmt. 1). But therein lies the rub for EACC's rescission request—even if the parties' remedy limitations were unenforceable for failure of their essential purpose, and even if EACC could make that assertion here, that would only entitle it to pursue the legal remedies available under the UCC, not the equitable remedy of rescission. *See* 810 ILCS 5/2-719((2) ("where circumstances cause an exclusive or limited remedy to fail of its essential purpose, *remedy may be had as provided in this Act*.") (emphasis added). *See also H.B. Fuller Co. v. Kinetic Sys., Inc.*, 932 F.2d 681, 685-86 (7th Cir. 1991) (distinguishing Wisconsin UCC remedy of revocation from rescission, "since even when acceptance is revoked," the contract remains in force); *Chicago Limousine Serv., Inc. v. Hartigan Cadillac, Inc.*, 139 Ill. 2d 216, 228, 564 N.E.2d 797, 802-03 (1990) (distinguishing between "unilateral rescission" and UCC remedies of cancellation, termination, rejection, and revocation). Rather, to the extent such remedies are available under the UCC (and depending on the enforceability of the parties' limitation-of-remedy provisions), they may be sought in connection with EACC's breach of contract claim, which survives in Count I.

For these reasons, Screen's motion to dismiss Count II of EACC's Complaint is granted, and that Count is dismissed with prejudice.

## III. Motion to Strike

Finally, against this backdrop, the Court must deny Screen's motion to strike portions of EACC's Complaint pursuant to Fed. R. Civ. P. 12(f). As shown above, the alleged pre-sale statements in Screen's marketing materials and by its sales representative that Screen would have the Court strike from EACC's Complaint, *see* Mem., Dkt. 9, at 4-6, are relevant to EACC's breach of contract claim, and neither the parol evidence rule nor the parties' integration and no-reliance clauses pose a bar to the proper consideration of that evidence in connection with that claim. But even if those alleged statements did (or later might) fall prey to such an obstacle, that

6

is no ground to strike them now. The Seventh Circuit has cautioned "against moving to strike extraneous matter unless its presence in the complaint is actually prejudicial to the defense." *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 821 (7th Cir. 2001). Thus, even if Screen's alleged pre-sale statements had "no legal effect in this case," as Screen argues, Mem., Dkt. 9, at 6, the mere presence of those statements in the Complaint does not prejudice the defense (nor does screen argue any such prejudice), whereas striking them certainly could prejudice the plaintiff. *See Porter v. United States Dept. of Army*, No. 93 C 6900, 1995 WL 461898, *5 (N.D. Ill. July 17, 1995) ("something may be discarded that may turn out to be material").

The same holds true for Screen's requests to "strike any and all references to alleged implied warranties," or to dismiss the Complaint to the extent it is "premised on violation of any implied warranty." Motion, Dkt. 8, at 1-3. As an initial matter, EACC's Complaint plainly states a claim for breach of the written Agreement, *see* Compl., Dkt. 1, ¶22, and EACC has confirmed that its claims are "based upon the one-year full warranty provided on the face of the contract." Resp., Dkt. 16, at 10. So there is nothing to strike. But in any event, the Court will not parse the Complaint to excise portions[6] not tightly tethered to a cause of action.[7] Again, the question is whether the challenged allegations are "prejudicial" to Screen, *Davis*, 269 F.3d at 821, and a bit of backstory on the purchase at issue in a breach of contract case cannot fairly be charged with that offense.

For these reasons, Screen's motion to strike portions of EACC's Complaint is denied.

Date: February 6, 2015

John J. Tharp, Jr.
United States District Judge

---

[6] *See, e.g.*, *Del Monte Fresh Produce, N.A., Inc. v. Kinnavy*, No. 07 C 5902, 2010 WL 1172565, *10 (N.D. Ill. March 22, 2010) (court will not "sort through each paragraph to determine which content is relevant"); *Am. Hardware*, 2004 WL 3363844, at *11 ("The court is not going to copy-edit plaintiff's complaint—sifting through the complaint to strike all offending sentences and references."); *Porter*, 1995 WL 461898, at * 5 (such motions waste time "because they require courts to edit complaints").

[7] *See, e.g.*, *Volling v. Antioch Rescue Squad and Metro Paramedic Services, Inc.*, 999 F. Supp. 2d 991, 1007 (N.D. Ill. 2013) ("the challenged allegations are clearly pertinent to issues in the case, whether they can 'form the basis of' a claim on their own or not" (quoting Fed. R. Evid. 401)); *Hall v. Walsh Constr. Co.*, No. 11 CV 08706, 2012 WL 3264921, *5 (N.D. Ill. Aug. 9, 2012) (while "not actionable, there is a factual basis for these allegations that may still have some bearing on this controversy").